UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANTOINE TOLBERT**,<br>c/o Bohanon Law, L.L.C.<br>50 Public Square, Suite 1900<br>Cleveland, Ohio 44113<br><br>       Plaintiff,<br><br>v.<br><br>**CITY OF CLEVELAND**<br>**SERGEANT HENDERSON, #9293**<br>**OFFICER #2155**<br>**OFFICER #1669**<br>**OFFICER #1155**<br>**OFFICER #2257**<br>**OFFICER #2094**<br>**OFFICER #1230**<br>**OFFICER #2392**<br>**OFFICER #1358**<br>**OFFICER #1009**<br>**DOES 1-4**<br>c/o Cleveland Department of Law<br>601 Lakeside Ave., Room 106<br>Cleveland, Ohio 44114<br><br>       Defendants. | CASE NO._____<br><br>JUDGE:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

      **This is a civil rights action.** Plaintiff Antoine Tolbert, for his complaint against the above identified Defendants allege the following:

### INTRODUCTION

    1.    Antoine Tolbert is a community organizer and activist in the City of Cleveland and surrounding neighborhoods. His organization, New Era Cleveland, focuses on providing resources and education to the community, as well as conducting safety patrols throughout neighborhoods to deter ongoing violence. On May 23, 2022, on the east side of Cleveland, a series of shootings

caused the death of a fourteen-year-old girl and left others wounded. As he had done many times before, Antoine Tolbert responded to the neighborhood of 105th Street and St. Clair Avenue to establish his organization's presence for community safety. Antoine had two visible firearms on his persons. As he walked down St. Clair Avenue, Antoine was approached by officers of the Cleveland Police Department, detained, and arrested. Charges were presented to a grand jury on June 10, 2022. The grand jury issued a No Bill.

    2.    Defendants' actions violated Plaintiff's rights under the United States Constitution and the laws of the State of Ohio.

## PARTIES

    3.    Plaintiff Antoine Tolbert has lived in Cuyahoga County, Ohio all his life, including during all of the operative events giving rise to the allegations in this Complaint.

    4.    Defendant City Cleveland is an Ohio municipal corporation that operates the Cleveland Division of Police. Defendant City of Cleveland is a unit of local government duly organized under the laws of the State of Ohio, residing in the Northern District of Ohio acting under the color of law. Defendant City of Cleveland is a "person" under 42 U.S.C. § 1983. Defendant City of Cleveland is the employer and principal of Sergeant Henderson No. 9293, Officer No. 2155, Officer No. 1669, Officer No. 1155, Officer No. 2257, Officer No. 2094, Officer No. 1230, Officer No. 2392, Officer No. 1358, Officer No. 1009, and Does 1-4 and is responsible for the policies, practices, and customs of the Cleveland Division of Police.

    5.    Defendant Police Sergeant Henderson No. 9293, Officer No. 2155, Officer No. 1669, Officer No. 1155, Officer No. 2257, Officer No. 2094, Officer No. 1230, Officer No. 2392, Officer No.1358, Officer No. 1009, and Does 1-4 were, at all times relevant to the allegations made in this Complaint, duly appointed police officers employed by the Cleveland Division of

Police, acting within the scope of their employment and under the color of state law. They are sued in their individual capacities.

## JURISIDCTION

6. This is a civil rights action arising under the Civil Rights Act, 42 U.S.C. § 1983 and the United States Constitution. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1343.

7. This Court has jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

8. Venue is proper under 28 U.S.C. § 1391. The Defendant is a political subdivision located in this District. The events giving rise to the claims occurred in this District.

## STATEMENT OF FACTS

9. Plaintiff Antoine Tolbert is the President of a non-profit organization, New Era Cleveland. This community-based organization was designed to provide needed support for urban communities in Cleveland, Ohio. New Era Cleveland has established multiple community engagement programs, provided resources and education to members within the community, and implemented plans to foster community safety. New Era Cleveland has conducted multiple safety patrols within the City of Cleveland to deter ongoing violence.

10. Antoine also speaks with Cleveland police recruits during the academy to discuss the importance of community engagement and proper interactions with citizens.

11. On May 23, 2022, a fourteen-year-old girl was shot and killed following a shooting in the Glenville neighborhood. During that same day, another shooting occurred in a neighboring community, wounding five individuals.

12. Plaintiff Antoine Tolbert was made aware of the community threat and responded to the vicinity of that neighborhood. Antoine drove and parked his vehicle at Rite Aid, located at the intersection of 105th Street and St. Clair Avenue.

13. As he had done previously, Antoine carried a 12 GA shotgun in his hand, face down in a port arms position. He had an additional firearm in a holster.

14. Cleveland Police Officers were dispatched to 105th Street and St. Clair Avenue for reports of a man walking down the street with a gun.

15. Antoine was first approached by two Cleveland Police Officers, including Defendant Officer Santa No. 1358. Defendant Officers observed both firearms in Antoine's possession and proceeded to inquire as to why Antoine was walking down the street with his firearms. Defendant Officer Santa No. 1358 requested that Antoine place his shotgun on the ground, and he complied.

16. During this interaction, Defendant Officer Santa No. 1358 explained that Antoine had the right to carry, and that she was merely expressing concerns.

17. In conversing with Defendant Officer Santa No. 1358, Antoine referred to the shootings that occurred in the neighborhood earlier that day and conveyed that he was conducting safety patrols following the gun violence.

18. Antoine asked if he was being detained and Defendant Officer Santa No. 1358 said Antoine was free to leave.

19. Antoine proceeded to walk down St. Claire Avenue.

20. During this time, Defendant Sergeant Henderson No. 9293 approached the scene and asked officers where Antoine was. Officers explained that after speaking with Antoine, he continued to walk down the street.

21. Defendant Sergeant Henderson No. 9293 told officers that Antoine could not "walk down the street carrying a gun." Officers proceeded to follow Antoine.

22. Once officers identified Antoine walking on the sidewalk, officers parked their cruisers and prepared to detain him.

23. Defendant Sergeant Henderson No. 9293 exited his patrol vehicle, drew his weapon, and approached Antoine. Defendant Sergeant Henderson ordered Antoine to place his firearms on the ground. Antoine continuously inquired as to why he was being detained and ordered to drop his firearms.

24. Defendant Police Sergeant Henderson No. 9293, Officer No. 2155, Officer No. 1669, Officer No. 1155, Officer No. 2257, Officer No. 2094, Officer No. 1230, Officer No. 2392, Officer No.1358, Officer No 1009 and Does 1-2 surrounded Antoine while Defendant Sergeant Henderson continuously told Antoine he was not allowed to walk down the street with his firearm in his hand.

25. Antoine told Defendant Sergeant Henderson No. 9293 that he was not breaking any laws since Ohio was an open carry state. Defendant Sergeant Henderson disagreed and told Antoine he could not walk down the street with the gun in his hand.

26. Antoine continued to ask Defendant Sergeant Henderson No. 9293 why he was being detained and what law he allegedly violated that subjected him to detention. Defendant Sergeant Henderson explained "you can't walk down the street with a gun in your hand……I'm not going to allow you to do it."

27. After approximately two minutes of being surrounded, Antoine was arrested and placed in the back of a police cruiser.

28. Immediately following Antoine's arrest, Defendant Sergeant Henderson No. 9293 told the surrounding officers, "CCW arrest." The surrounding officers responded with laughter. A few seconds later, Defendant Sergeant Henderson approached Officer Santa No. 1358 and Officer No. 1230 and said, "it's going to be an uhh, improper handling of a firearm." Officer Santa No. 1358 responded, "Okay."

29. Moments later, Defendant Sergeant Henderson No. 9293 opened the rear door of a police cruiser and explained to Antoine that he was being charged with improper handling for walking down the street with his firearm in his hand.

30. Concerned citizens, including Councilman Basheer Jones, approached the scene to inquire about Antoine's arrest. Defendant Sergeant Henderson No. 9293 continued to explain that Antoine was under arrest for improper handling due to walking down the street with his firearm in his hand.

31. Antoine was ultimately transported to the Cuyahoga County Jail for charges of Carrying a Concealed Weapon. He spent approximately 36 hours in the County Jail before being released with no formal charges.

32. On June 10, 2022, the Cuyahoga County Prosecutor's Office presented the sole count of Carrying and Concealed Weapon to the Cuyahoga County Grand Jury.

33. The grandy jury returned an No Bill.

34. The Defendant Officers' actions of detaining and arresting Antoine were without reasonable suspicion or probable cause, were unjustified, objectively unreasonable, and constitute deliberate indifference.

35. Defendants engaged in willful, wanton, reckless, and/or negligent conduct.

36. Each Defendant Officer had the duty and opportunity to intervene and prevent the violation of Antoine's Constitutional rights, yet instead, chose to ignore the blatant violations.

37. The Defendant Officers' actions, as alleged in the preceding paragraphs, were performed under the color of law and deprived Plaintiff Antoine Tolbert of federally protected rights, in violation of Title 42 U.S.C. § 1983.

38. Defendants' conduct was the direct, actual, and proximate cause of Plaintiff's injuries.

39. As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries, including, *inter alia*, emotional distress, humiliation, loss of liberty, contraction of COVID-19, loss of employment, and temporary loss of residence.

40. Plaintiff's injuries were all preventable had Defendants not engaged in illegal conduct in violation of Plaintiff's fundamental rights.

## **CLAIMS FOR RELIEF**

**Claim I**
**42 U.S.C. § 1983 Claim for Unlawful Seizure**
**against Defendants Sergeant Henderson No. 9293, Officer No. 2155, Officer No. 1669, Officer No. 1155, Officer No. 2257, Officer No. 2094, Officer No. 1230, Officer No. 2392, Officer No.1358, Officer 1009, and Does 1-2**

41. Plaintiff realleges and incorporates herein by reference the preceding and any subsequent paragraphs of this Complaint.

42. The Defendant Officers, acting individually, jointly, and in conspiracy with each other, while acting under the color of law and within the scope of their employment, deprived Plaintiff of his rights guaranteed to him pursuant to the United States Constitution, including the right to be free from unlawful seizures under the Fourth Amendment.

43. As a direct and proximate cause of Defendants' actions Antoine Tolbert's constitutional rights were violated and he suffered, and continues to suffer, injury and damages as set forth in this Complaint.

44. Defendants are jointly and severally liable for this conduct.

**Claim II**
**42 U.S.C. § 1983 Claim for False Arrest**
**against Defendants Sergeant Henderson No. 9293, Officer No. 2155, Officer No. 1669, Officer No. 1155, Officer No. 2257, Officer No. 2094, Officer No. 1230, Officer No. 2392, Officer No.1358, Officer 1009, and Does 1-2**

45. Plaintiff realleges and incorporates herein by reference the preceding and any subsequent paragraphs of this Complaint.

46. As described above, Defendant Officers, acting individually, jointly, and in conspiracy with each other, caused Antoine Tolbert to be unreasonably seized, detained, imprisoned and deprived of his liberty without probable cause to believe that he had committed a crime, in violation of his rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, and/or failed to prevent this misconduct in spite of having the duty, opportunity and means to intervene to protect him.

47. Defendant Officers were acting under the color of law and within the scope of their employment when they took these actions.

48. As a direct and proximate cause of Defendants' actions, Antoine Tolbert's constitutional rights were violated and he suffered, and continues to suffer, injury and damages as set forth in this Complaint.

49. Defendants are jointly and severally liable for this conduct.

## Claim III
## 42 U.S.C. § 1983 *Monell* claim
## against Defendant City of Cleveland

50. Plaintiff realleges and incorporates herein by reference the preceding and any subsequent paragraphs of this Complaint.

51. Defendant City of Cleveland has been aware of persistent patterns, policies, practices, and customs in its police department, and propensity of its officers to deprive citizens of their constitutional right to be free from unlawful search and seizures.

52. Defendant City of Cleveland, at all times relevant to the matter at hand, approved, authorized, and/or acquiesced in the unlawful and unconstitutional conduct of its respective employees and/or agents and consequently are directly liable for the acts of those agents pursuant to 42 U.S.C. 1983.

53. After conducting an investigation into the City of Cleveland Police Department, the United States Department of Justice reported its findings in a detailed report. The 2014 report found, *inter alia*, that "officers often subject people to stops and searches without the requisite level of suspicion" Investigation of the Cleveland Division of Police, U.S. Department of Justice (December 2014) at 49.

54. In 2015, the City of Cleveland and the United States Department of Justice entered into a Consent Decree to correct unconstitutional practices within the Cleveland Police Department. In recognizing the need to eliminate unconstitutional seizures, the Consent Decree provided that "officers will not conduct investigatory stops when they lack reasonable suspicion." 2015 Consent Decree ¶ 162.

55. Defendant City of Cleveland and the Cleveland Police Department have continued to tolerate and/or permit the practice of unconstitutional investigatory stops, detentions, and arrests of citizens.

56. Defendant City of Cleveland and the Cleveland Police Department have failed to adequately denounce and eliminate these unconstitutional patterns, policies, practices, and customs.

57. By its failure and indifference, Defendant City of Cleveland implicitly authorized, approved, and knowingly acquiesced in the unconstitutional conduct against Plaintiff Antoine Tolbert.

58. As a direct and proximate result of the action and inaction of Defendant City of Cleveland, Plaintiff suffered, and continues to suffer, injury and damages as set forth in this Complaint.

### Claim IV
### 42 U.S.C. § 1983 Supervisory Liability Claim
### against Does 3-4

59. Plaintiff realleges and incorporates herein by reference the preceding and any subsequent paragraphs of this Complaint.

60. The constitutional violations and resulting injuries complained of herein were proximately caused by (i) the intentional misconduct of the Supervisory Defendants (Does 3-4), or (ii) by these Supervisory Defendants being deliberately and recklessly indifferent to their subordinates' misconduct, knowing that ignoring that misconduct would necessarily violate Plaintiff's constitutional rights.

61. These Supervisory Officers were aware of and facilitated, condoned, and/or oversaw the unconstitutional measures used by other Defendants to detain and arrest citizens without the requisite reasonable suspicion or probable cause.

62. Supervisory Defendants exhibited a deliberate indifference to the misconduct of other Defendants which resulted in the injury sustained by Plaintiff Antoine Tolbert.

63. The Supervisory Defendants were acting under color of law and within the scope of their employment when they took these actions.

64. As a direct and proximate result of the action and inaction of Supervisory Defendants Plaintiff suffered, and continues to suffer, injury and damages as set forth in this Complaint.

65. Defendants are jointly and severally liable for this conduct.

**Claim IV**
**State Law Claim for False Arrest**
**against Defendants Sergeant Henderson No. 9293, Officer No. 2155, Officer No. 1669, Officer No. 1155, Officer No. 2257, Officer No. 2094, Officer No. 1230, Officer No. 2392, Officer No.1358, Officer 1009 and Does 1-2**

66. Plaintiff realleges and incorporates herein by reference the preceding and any subsequent paragraphs of this Complaint.

67. Defendants intentionally and unlawfully detained and caused the arrest of Antoine Tolbert without law privilege, against his consent, and without probable cause.

68. Antoine Tolbert's arrest, unsupported by probable cause, was in violation of the law of the State of Ohio.

69. Defendants caused the illegal arrest, detention, imprisonment and intuition of legal proceedings against Plaintiff.

70. Defendants' actions were willful, wanton, and/or reckless

71. Defendants' actions and conduct constitute false arrest, in violation of Ohio law.

72. As a direct and proximate cause of Defendants' actions Antoine Tolbert's constitutional rights were violated and he suffered, and continues to suffer, injury and damages as set forth in this Complaint.

73. Defendants are jointly and severally liable for this conduct.

### Claim V
### State Law Claim for Negligence – Willful, Wanton and Reckless Conduct against Defendants Sergeant Henderson No. 9293, Officer No. 2155, Officer No. 1669, Officer No. 1155, Officer No. 2257, Officer No. 2094, Officer No. 1230, Officer No. 2392, Officer No.1358, Officer 1009 and Does 1-2

74. Plaintiff realleges and incorporates herein by reference the preceding and any subsequent paragraphs of this Complaint.

75. Defendant Officers acted negligently when they violated their duty to exercise due care for Antoine Tolbert.

76. Defendants committed the acts alleged in this complaint in a willful, wanton and/or wanton manner while working as Cleveland Division of Police Officers.

77. As a direct and proximate cause of Defendants' actions Antoine Tolbert's constitutional rights were violated and he suffered, and continues to suffer, injury and damages as set forth in this Complaint.

78. Defendants are jointly and severally liable for this conduct.

### JURY DEMAND

79. Plaintiff demands a trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial for all issues so appropriate and requests that this Court order the following relief:

A. Actual and/or compensatory damages against all Defendants in an amount to be determined at trial that will fully and fairly compensate him for the

violation of his rights, and for the injuries and damages he suffered;

B. Punitive damages against all Defendants in an amount to be determined at trial that will serve to adequately punish and deter the acts and omissions alleged in this complaint;

C. Attorney fees and the costs of this action and other costs that may be associated with this action pursuant to 42 U.S.C. § 1988; and

D. All other relief which this Honorable Court deems equitable and just.

DATED this 22nd day of August 2022.                    Respectfully Submitted,

                                                        Tiana S. Bohanon (100435)
                                                        50 Public Square, Suite 1900
                                                        Cleveland, Ohio 44113
                                                        216-279-5300
                                                        tsb@bohanonlawllc.com

                                                        *Attorney for Plaintiff Antoine Tolbert*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: _____

Brief description of cause: _____

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

*Tiana S. Bohanon*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**     Civil Categories: (Please check one category only   ).

  1. [ ]     General Civil
  2. [ ]     Administrative Review/Social Security
  3. [ ]     Habeas Corpus Death Penalty

  *If under Title 28, §2255, name the SENTENCING JUDGE: _____

  CASE NUMBER: _____

**II.** **RELATED OR REFILED CASES** See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regardfor the place of holding court in which the case was refiled.  Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

  This action:  [ ] is **RELATED** to another **PENDING** civil case   [ ] is a **REFILED** case   [ ] was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**     In accordance with Local Civil Rule   **3.8**, actions involving counties in the Eastern Division shall be filed at any of  the divisional offices therein.  Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

  ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER.  UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

  (1)     **Resident defendant**. If the defendant resides in a county within this district, please set forth the name of such county
  **COUNTY:**
  Corporation **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

  (2)     **Non-Resident defendant**. If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
  **COUNTY:**

  (3)     **Other Cases**. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
  **COUNTY:**

**IV.**     The Counties in the Northern District of Ohio are divided into divisions as shown below.  After the county is determined in Section  III, please check the appropriate division.

  **EASTERN DIVISION**

  [ ] **AKRON**          (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
  [ ] **CLEVELAND**      (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
  [ ] **YOUNGSTOWN**     (Counties: Columbiana, Mahoning and Trumbull)

  **WESTERN DIVISION**

  [ ] **TOLEDO**         (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)