## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ANTOINE TOLBERT ) Case No. 1:22-CV-01489-DAP
)
Plaintiff ) JUDGE DAN A. POLSTER
)
vs. )
)
CITY OF CLEVELAND, et al. ) **ANSWER AND AFFIRMATIVE**
) **DEFENSES OF DEFENDANT**
Defendants ) **CITY OF CLEVELAND**

Defendant City of Cleveland ("City"), for its Answer and Affirmative Defenses to the Complaint of Plaintiff filed August 22, 2022 (Doc # 1), states as follows:

1.　　In response to Paragraph 1 of the Complaint, the City admits that Plaintiff was arrested on May 23, 2022, for carrying concealed weapons and inducing panic, and that the case was "no billed" after being submitted to the Grand Jury; and the City denies the remaining allegations of Paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2.　　The City denies Paragraph 2.

3.　　The City denies Paragraph 3 for lack of knowledge or information sufficient to form a belief as to its truth.

4.　　In response to Paragraph 4, the City admits that it is a municipal corporation that operates the Cleveland Division of Police; that it is a unit of local government duly organized under the laws of the State of Ohio; that it is located in the Northern District of Ohio; and that it employs police officers who are assigned certain of the badge numbers identified in the caption of the Complaint.   The City denies the remaining allegations of Paragraph 4 for lack of

knowledge or information sufficient to form a belief as to their truth and because they call for legal conclusions.

5.      The City denies Paragraph 5 for lack of knowledge or information sufficient to form a belief as to its truth and because it calls for legal conclusions.

6.      In response to Paragraphs 6, 7, and 8, the City admits that it is a political subdivision of the State of Ohio located in the Northern District of Ohio and denies the remaining allegations of Paragraphs 6, 7, and 8 for lack of knowledge or information sufficient to form a belief as to their truth and because they call for legal conclusions.

7.      The City denies Paragraphs 9, 10, 11, 12, and 13 for lack of knowledge or information sufficient to form a belief as to their truth.

8.      In response to Paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33, the City admits that Plaintiff was arrested on May 23, 2022, for carrying concealed weapons and inducing panic, and that the case was "no billed" after being submitted to the Grand Jury; and the City denies the remaining allegations of these Paragraphs for lack of knowledge or information sufficient to form a belief as to their truth.

9.      The City denies Paragraphs 34, 35, 36, 37, 38, 39 and 40.

10.     In response to Paragraph 41, the City incorporates its Answer above as if fully restated herein.

11.     The City denies Paragraphs 42, 43, and 44.

12.     In response to Paragraph 45, the City incorporates its Answer above as if fully restated herein.

13.     The City denies Paragraphs 46, 47, 48 and 49.

14.     In response to Paragraph 50, the City incorporates its Answer above as if fully restated herein.

15.     The City denies Paragraphs 51, 52, 53, 54, 55, 56, 57 and 58.

16.     In response to Paragraph 59, the City incorporates its Answer above as if fully restated herein.

17.     The City denies Paragraphs 60, 61, 62, 63, 64 and 65.

18.     In response to Paragraph 66, the City incorporates its Answer above as if fully restated herein.

19.     The City denies Paragraphs 67, 68, 69, 70, 71, 72 and 73.

20.     In response to Paragraph 74, the City incorporates its Answer above as if fully restated herein.

21.     The City denies Paragraphs 75, 76, 77 and 78.

22.     The City denies any remaining averments of the Complaint not expressly admitted herein, including the mistakenly-numbered Paragraph 79 (Jury Demand) and any allegations in paragraphs that are not numbered.

## <u>AFFIRMATIVE DEFENSES</u>

1.      The City is entitled to all full and/or qualified immunities available under federal law, Ohio law, or both.

2.      Any injury and/or loss claimed by Plaintiff was directly and proximately caused by the acts or omissions of persons or entities other than the City, including Plaintiff.

3.      Any injury and/or loss claimed by Plaintiff was caused or aggravated by an intervening and superseding cause other than the acts or omissions of the City.

4.      Plaintiff's claims and damages may be limited or barred, in whole or in part, by the statutory defenses and/or limitations that are applicable in determining the proportionate share of liability, and/or the amount of compensatory damages that may be owed by each individual defendant.

5.      Plaintiff's claims and damages may be limited or barred, in whole or in part, by the statutory and common law defenses of set-off, collateral source, contribution, and indemnity.

6.      Any damages are capped by statute and common law as to the City.

7.      Plaintiff is precluded from recovering any punitive or exemplary damages against the City.

8.      Plaintiff's Complaint fails to join a necessary and/or indispensable party.

9.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

10.     Plaintiff assumed the risk of the harm for which he seeks relief.

11.     Plaintiff's constitutional rights were not violated.

12.     Probable cause to arrest Plaintiff existed.

13.     Plaintiff's harm, if any, was not caused by a policy or custom of the City.

14.     Plaintiff was not subjected to a deprivation of rights by a person acting under the color of  law.

15.     Plaintiff was not denied due process.

16.     The City reserves the right to amend its answer and affirmative defenses to address any facts, claims, and/or additional theories of recovery or claims that may become apparent through discovery, pleadings, and motions.

WHEREFORE, having fully answered, Defendant City of Cleveland respectfully asks for judgment in its favor and against Plaintiff on all averments in the Complaint, in addition to any additional and further relief deemed just and appropriate by the Court.

Respectfully submitted,

MARK D. GRIFFIN (0064141)
Director of Law

By: *s/ Timothy J. Puin*
William M. Menzalora (0061136)
Chief Assistant Director of Law
Timothy J. Puin (0065120)
Assistant Director of Law
Michael J. Pike (0074063)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue E., Room 106
Cleveland, Ohio  44114
Tel:     (216) 664-2800
wmenzalora@city.cleveland.oh.us
tpuin@clevelandohio.us
mpike@clevelandohio.us

Attorneys for Defendant City of Cleveland

## CERTIFICATE OF SERVICE

The foregoing was electronically filed and service has been made via operation of the Court's ECF system; a courtesy copy has been emailed to counsel for the Plaintiff on the date of filing.

By: *s/ Timothy J. Puin*
Timothy J. Puin (0065120)  74431v1