UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTOINE TOLBERT, | ) | CASE NO. 1:22-cv-01489 |
| | ) | |
| Plaintiff | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | REPORT OF PARTIES' PLANNING |
| CITY OF CLEVELAND, et al. | ) | MEETING UNDER FED.R.CIV.P. 26(f) |
| | ) | AND LR 16.3(b)(3) |
| Defendants | ) | |

1. Pursuant to Fed.R.Civ.P. 26(f) and LR 16.3(b)(3), a meeting was held on December 5, 2022, and was attended by:

Sarah Gelsomino, counsel for Plaintiff;

Tim Puin, counsel for Defendant City of Cleveland;

Craig Morice and J.R. Russell, counsel for Defendant police officer Henderson.

2. The parties:

_X_ have exchanged the pre-discovery disclosures required by Fed.R.Civ.P. 26(a)(1) and the Court's prior order;

3. The parties recommend the following track for this matter:

_X_ Standard ___ Expedited ___ Complex ___ Administrative ___ Mass Tort

4. This case is suitable for one or more of the following Alternative Dispute Resolution (ADR) mechanisms:

recommend the following method:

___ Early Neutral Evaluation _X_ Mediation ___ Arbitration ___ Summary Jury Trial ___ Summary Bench Trial ___ Case not suitable for ADR

5. The parties _____ do _X_ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6. The parties agree that this case __X__ does _____ does not involve electronic discovery.

7. Recommended Discovery Plan.

(a) Describe the subjects on which discovery is to be sought, the nature and extent of discovery and any potential problems:

Discovery will be sought concerning the incident in which Plaintiff alleges his civil rights were violated, through depositions and written discovery requests

- Discovery will be sought concerning the actions of the law enforcement officer Defendants during the above incident, through depositions and written discovery requests
- Discovery will be sought about the policies and customs of the City of Cleveland as bearing on Plaintiff's alleged harm (*Monell* claims), through depositions and written discovery requests
- Discovery will be sought about the alleged damages of Plaintiff

(b) Describe anticipated e-discovery issues (i.e., what ESI is available and where it resides; ease/difficulty and cost or producing information; schedule and format of production; preservation of information; agreements about privilege or work-product protection, etc.):

The City has electronically stored reports, body camera footage, and other records. All of the documents presently available to the City's counsel have been produced to Plaintiff, who provided an external hard drive for storage. Once the individual defendants are named and served, it is expected that additional electronically stored information will be made available. All electronically stored information in the City's possession should be readily available except for any emails (without implying any emails exist in this case), because emails typically require search terms and take some time to identify, review for privilege, and produce. In the course of the City's production in this case, the parties agreed to application of Appendix L of the Local Rules (Stipulated Protective Order).

(c) Describe handling of expert discovery (i.e., timetable for disclosure of names and exchange of reports, depositions):

The parties propose that expert disclosures and exchange of reports on issues for which the disclosing party bears the burden of proof be completed by the fact discovery deadline, and rebuttal disclosures and reports be due 30 days thereafter. The parties further propose deferring any expert witness depositions until it is clear that trial is going forward, at which time the expert witness deposition deadline should be set for 45 days before the trial date.

 (d) Discovery Deadlines:

  (i) Liability: April 30, 2023

  (ii) Damages: April 30, 2023

8. Recommended dispositive motion date: June 30, 2023

9. Recommended cut-off for amending the pleadings and/or adding additional parties: February 1, 2023

10. Recommended date for status hearing and/or final pretrial settlement conference: June 30, 2023

11. Other matters for the attention of the Court:

Plaintiff intends to attach body camera footage to the forthcoming amended complaint. The parties agree that Defendant City of Cleveland shall redact the faces of the officers in the body camera footage to be put on the public record, without Plaintiff conceding that such redactions are required under law.  (The Court and any mediator would be shown unredacted copies via transmittal to chambers, if needed.)  The redaction process may be time-consuming and therefore the recommended amended complaint deadline is several weeks away.  The Defendants agree Plaintiff may file an amended complaint prior to the time the redaction process is complete, if necessary, and simply amend by interlineation to attach the body camera footage as an exhibit at a later date.

    Respectfully submitted,

    *s/ Sarah J. Gelsomino (0084340)*
    _____
    Attorney for Plaintiff

    *s/ Tim Puin (0065120)*
    _____
    Per authorization
    Attorney for Defendant City of Cleveland

    *s/ Craig Morice (0065424)*
    *s/ J.R. Russell, Jr. (0075499)*
    _____
    Per authorization
    Attorneys for Defendant Henderson

## CERTIFICATE OF SERVICE

    A copy of the foregoing was filed via operation of the Court's ECF system and is available to all parties of record. Parties not appearing of record as of the date of filing were sent a copy via regular U.S. mail, postage prepaid, on the date of filing.

    *s/ Sarah J. Gelsomino (0084340)*
    _____
    Attorney for Plaintiff